UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-20480-CR-MIDDLEBROOKS/MCALILEY

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ANTWAN BENNIE,

      Defendant.

_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

The Honorable Donald M. Middlebrooks referred this matter to me to conduct a change of plea hearing for Defendant Antwan Bennie. (ECF No. 18). I held that hearing on January 20, 2022, and for the following reasons, I recommend that the Court accept Defendant's plea of guilty.

1.     At the outset of the hearing, I told Defendant of his right to have these proceedings conducted by Judge Middlebrooks, the presiding District Court Judge. I also advised Defendant that Judge Middlebrooks would sentence Defendant, and make all findings and rulings concerning Defendant's sentence.

2.     Defendant was made aware that he did not have to permit this Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by Judge Middlebrooks. Defendant, Defendant's attorney and the Assistant

United States Attorney all agreed on the record and consented to my conducting the change of plea hearing.

3.      I conducted the plea colloquy with Defendant in accordance with Federal Rule of Criminal Procedure 11.

4.      The parties did not enter into a written plea agreement. At the hearing, Defendant pled guilty to Counts 1 and 2 of the Indictment, which charges Defendant with conspiracy to commit access device fraud, in violation of Title 18, United States Code, Section 1029(b)(2) (Count 1), and the use of unauthorized access devices, in violation of Title 18, United States Code, Section 1029(a)(2) (Count 2). (ECF No. 3).

5.      The parties agreed to a written factual proffer and had that document with them at the hearing. This was later filed with the Court. Defendant said that he read that factual proffer and agreed to its accuracy; he also confirmed that he signed it and he explained in his own words how he committed the crime. The Government identified all of the essential elements of the offenses to which Defendant pled guilty, including any sentencing enhancements and/or aggravating factors that may be applicable. I found that a factual basis exists for Defendant's plea of guilty. Defendant was also advised of the statutory maximum and mandatory minimum penalties. Defendant acknowledged that he understands these possible penalties, including a maximum term of five (5) years imprisonment, as to Count 1, and a maximum term of ten (10) years imprisonment, as to Count 2.

6.      Based upon the foregoing, and the statements and findings at the plea colloquy which I incorporate into this Report and Recommendation, I find that Defendant is competent and capable of entering an informed plea, and that his guilty plea was knowing and voluntary and has factual support.

7.      The U.S. Probation Office will prepare a pre-sentence investigation report, and Defendant's **sentencing has been scheduled for March 15, 2022, at 10:30 a.m., before the Honorable Donald M. Middlebrooks, in Miami**.

Accordingly, I **RECOMMEND** that the Court accept Defendant's plea of guilty, adjudicate Defendant guilty of Counts 1 and 2 of the Indictment, and that a sentencing hearing be conducted for final disposition of this matter.

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Donald M. Middlebrooks, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b), 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** this 20th day of January 2022, at Miami,

Florida.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc:    The Honorable Donald M. Middlebrooks
       Counsel of record